IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Kenneth Grant, Jr.*
Case No. 3:15-cr-00107-TMB-1

By:            THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on the Defendant Kenneth Grant Jr.'s Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A) (the "Motion").[1] Grant argues his underlying health conditions, coupled with the novel coronavirus ("COVID-19") pandemic, provide extraordinary and compelling bases for a sentence reduction.[2] The United States opposes the Motion.[3] For the reasons discussed below, the Motion is **DENIED**.

On April 14, 2016, Grant pleaded guilty to Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i).[4] Grant was subsequently sentenced to 145 months of imprisonment, to be followed by five years of supervised release.[5] He is currently housed at Federal Correctional Institution Butner Medium II ("FCI Butner") and has a scheduled release date of October 13, 2028.[6]

In his Motion, Grant, age 48,[7] argues for a sentence reduction on a basis of his medical conditions, which he asserts include being a smoker for 30 years, obesity, hyperlipidemia, sleep apnea, and pre-diabetes.[8] According to Bureau of Prisons records, Grant refused flu and COVID-19 vaccines and refused to participate in a metabolic profile test.[9] He is prescribed medication for hyperlipidemia.[10] He asserts that these medical conditions put him at an increased risk of developing severe illness from COVID-19.[11] If released, he would reside with his mother in North Carolina and asserts that he has been offered employment at a family-owned business.[12] Grant

---

[1] Dkt. 49 (Motion).
[2] *Id.* at 5–7, 17–22.
[3] Dkt. 54 (Opposition).
[4] Dkts. 21 (Plea Agreement); 24 (Minute Entry re: Change of Plea Hearing).
[5] Dkt. 40 (Judgment).
[6] Dkt. 51 at 1, 3 (U.S. Probation and Pretrial Services ("USPO") Report).
[7] Grant was 47 years old at the time the Motion was filed but has since turned 48 years old. *See* Dkts. 27 at 6 (Final Presentence Investigation Report); 49 at 28.
[8] Dkts. 49 at 5; 57-1 (Sealed Medical Record).
[9] Dkts. 51 at 2; 57-1 at 1.
[10] Dkt. 51 at 2.
[11] Dkt. 49 at 5.
[12] *Id.* at 7.

1

argues that while incarcerated he has participated in "educational and training programs" and otherwise "tried to better himself[.]"[13] He states that he is "no longer a threat to the community" and that he has "learned from his past actions and term of incarceration."[14] Finally, Grant states that he submitted a request for a sentence reduction to the Warden of FCI Butner and that 30 days have passed since his request.[15]

The Government opposes the Motion. The Government argues that Grant cannot establish extraordinary and compelling circumstances because he declined vaccination.[16] The Government argues that Grant has declined the opportunity to practice self-care.[17] It also asserts that Grant has not shown that he can be safely released. It states that "[h]e trafficked in drugs, illegally sold firearms, and possessed firearms as a felon. He also has a long-time substance abuse problem that has likely fueled his criminal conduct."[18] It argues that the factors under 18 U.S.C. § 3553(a) weigh against a sentence reduction because he has "more than seven years remaining on his sentence" and that a sentence reduction would not "reflect the seriousness of his drug and firearm trafficking[.]"[19] The Government concedes that Grant has exhausted his administrative remedies and that his Motion is properly before the Court.[20]

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the district court for a sentence reduction after exhausting their administrative remedies.[21] After considering the applicable factors set forth in § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction[.]"[22] A court may look to the policy statement of the Sentencing Commission, which provides that "extraordinary and compelling reasons" may exist where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[23] However, the policy

---

[13] *Id.* at 8.
[14] *Id.* at 28–29.
[15] *Id.* at 9–10.
[16] Dkt. 54 at 6.
[17] *Id.* at 9.
[18] *Id.* at 18.
[19] *Id.* at 19.
[20] *Id.* at 3.
[21] *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018).
[22] 18 U.S.C. § 3582(c)(1)(A).
[23] 18 U.S.C. § 3582(c)(1); U.S.S.G. § 1B1.13. The Ninth Circuit recently held that the current version of U.S.S.G. § 1B1.13 is "not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A)." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. Apr. 8, 2021) (per curiam) (internal quotation marks omitted). The Ninth Circuit also concluded that a "dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i)[.]" *Id.* at 799.

statement is "not binding" on courts evaluating motions filed by defendants under 18 U.S.C. § 3582(c)(1)(A).[24]

As a threshold matter, the Court finds that Grant exhausted his administrative remedies as required by statute. Grant submitted a request to the Warden of FCI Butner and 30 days have passed since his request.[25] The Government also agrees that Grant exhausted his administrative remedies.[26]

Moving to the merits, the Court finds that Grant has not established extraordinary and compelling reasons for a sentence reduction. Grant suffers from obesity and is a former smoker, which may increase Grant's likelihood of becoming "severely ill from COVID-19" according to the Centers for Disease Control and Prevention.[27] However, Grant's risk of COVID-19 infection appears to be low and his conditions are well-managed.[28] The Pfizer COVID-19 vaccine, which has been made available to Grant,[29] is "95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection."[30] Further, FCI Butner has one active case of COVID-19 among inmates, and in the Butner Federal Correctional Complex (including FCI Butner and other facilities) nearly 2,500 inmates are fully vaccinated against COVID-19.[31] Grant's

---

[24] *Aruda*, 993 F.3d at 802 (agreeing with and adopting the rationale from *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not binding on courts considering motions filed by defendants under 18 U.S.C. § 3582(c)(1)(A))).
[25] *See* Dkt. 49 at 9.
[26] *See* Dkt. 54 at 3.
[27] *See* Centers for Disease Control and Prevention, People with Certain Medical Conditions, Overweight and obesity, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 9, 2021).
[28] *See* Dkts. 51 at 2 (Grant prescribed medication); 57-1 (Grant offered COVID-19 vaccine).
[29] As other courts have found, it would set up a perverse incentive for courts to find extraordinary and compelling circumstances due to a refusal to practice self-care. *See United States v. Figueroa*, No. 2:09-cr-00194-KJM, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021) ("If defendants could buttress their motions for compassionate release by refusing a safe and effective vaccine, they would be operating on an unfairly perverse incentive."); *United States v. Baeza-Vargas*, —--F. Supp. 3d--, 2021 WL 1250349, at *3 (D. Ariz. Apr. 5, 2021) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances."). Regardless of Grant's decision to refuse the COVID-19 vaccine, his medical conditions alone would not be sufficient to warrant a sentence reduction.
[30] *See* Centers for Disease Control and Prevention, Pfizer-BioNTech COVID-19 Vaccine Overview and Safety, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html#:~:text=Based%20on%20evidence%20from%20clinical,without%20evidence%20of%20previous%20infection (last visited July 9, 2021).
[31] Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/index.jsp# (last visited July 9, 2021); Federal Bureau of Prisons, COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/index.jsp# (last visited July 9, 2021). The Bureau of Prisons does not provide detail about the rates at Grant's specific facility; however, the COVID-19 vaccine is widely available and has been offered to Grant.

arguments for a sentence reduction on the basis of his medical conditions and susceptibility to COVID-19 are unpersuasive in light of the progress made in protecting inmates from COVID-19. Accordingly, there is no extraordinary and compelling reason for a sentence reduction.

Since the Court finds that there are no extraordinary and compelling reasons to justify a sentence reduction, it need not reach the merits of Grant's § 3553(a) arguments.

Accordingly, for the foregoing reasons, the Motion at Docket 49 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 27, 2021.