# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Kenneth Grant, Jr.*
Case No. 3:15-cr-00107-TMB-1

By:            THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

This matter comes before the Court on Defendant Kenneth Grant, Jr.'s *pro se* Motion to Correct PSR (the "Motion").[1] Grant requests that the Court direct United States Probation and Pretrial Services ("USPO") to amend Grant's sealed presentence investigation report ("PSR").[2] The United States of America (the "Government") and USPO oppose the Motion.[3] For the following reasons, the Court **DENIES** the Motion.

On April 14, 2016, Grant pleaded guilty to Distribution of Methamphetamine and Possession of a Firearm in Furtherance of Drug Trafficking.[4] On August 22, 2016, the Court sentenced him to 145 months' imprisonment, followed by five years of supervised release.[5]

In the Motion, Grant argues that the criminal history category in his PSR should be corrected.[6] Grant contends that during his sentencing the Court "stated on the record that it did not agree with the Government's and [USPO's] position" that Grant had a criminal history category of six; Grant posits that the Court instead believed that Grant should be classified as "more of a" category three.[7] As a result, Grant asserts that he "was sentenced without full knowledge that his dispute towards his criminal history score was not corrected."[8] Grant therefore requests that the Court "issue an order to [USPO] with direction to generate a new PSR conforming to the sentencing judge's decision of criminal history category being a 3 in lieu of category 6 as currently shown on [his] PSR."[9]

In opposition, the Government contends that the Court "does not have jurisdiction to hear Grant's motion" because "once the district court has imposed sentence, the court lacks jurisdiction under

---

[1] Dkt. 59 (Motion).
[2] *Id.* at 1; Dkt. 27 (PSR).
[3] Dkt. 69 (Opposition); Dkt. 70 (USPO Memorandum).
[4] Dkt. 21 (Plea Agreement); Dkt. 24 (Minute Entry); *see also* 21 U.S.C. § 841(a)(1), (b)(1)(B); 18 U.S.C. § 924(c)(1)(A)(i).
[5] Dkt. 40 (Judgment); Dkt. 38 (Minute Entry).
[6] Dkt. 59 at 1.
[7] *Id.*
[8] *Id.*
[9] *Id.*

1

[Federal Rule of Criminal Procedure ("Rule")] 32 to hear challenges to the presentence report."[10] The Government also asserts that, under Rule 35, the Court similarly lacks jurisdiction to amend a PSR after imposition of sentence.[11] Nevertheless, even if the Court were to have jurisdiction, the Government argues that the Court should deny the Motion on the merits because it "clearly stated during imposition of sentence" that Grant's total offense level was 27 and his criminal history category was six.[12]

USPO also opposes the Motion, stating that at sentencing the Court "accepted the presentence report without change."[13] USPO further recognizes that the Court sentenced Grant to a sentence below the advisory guideline range, applying a downward variance "to account for [Grant's] prior criminal history consisting of mostly theft convictions."[14] USPO therefore concludes that "[i]t does not appear that a modification to the presentence report is appropriate in this case."[15]

There are three potential avenues available to a defendant that wishes to remedy an error contained in a PSR. First, Rule 36 permits a district court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Second, Rule 35(a) provides that, within 14 days, the Court "may correct a sentence that resulted from arithmetical, technical, or other clear error." Third, Rule 32 outlines the procedure "the district court must follow when a defendant alleges any factual inaccuracy in a presentence report."[16] However, "once the district court has imposed sentence, the court lacks jurisdiction under Rule 32 to hear challenges to a presentence report."[17]

Having reviewed the record, the Court **DENIES** the Motion for three reasons. First, the Court lacks jurisdiction to correct the PSR. Ninth Circuit precedent is clear that once the district court imposes sentence, it no longer has jurisdiction under Rule 32 to entertain challenges to the presentence report.[18] Second, the Court did not assign Grant a lower criminal history category at sentencing. The sentencing transcripts reveal that at Grant's imposition of sentence, the Court stated that Grant's total offense level was 27 with a criminal history category of six, as set out in his PSR.[19] Because Grant's PSR is devoid of any clerical errors or any errors related to his criminal history due to oversight or omission, correction of the PSR under Rule 36 is inappropriate. Third, even if the Court had jurisdiction to correct the PSR and the PSR contained a clear error, correction under Rule 35 would be untimely, as Grant seeks to amend an aspect of his sentence almost seven years after his imposition of sentence, far beyond the rule's 14-day limit.

---

[10] Dkt. 69 at 1 (quoting *United States v. Catabran*, 884 F.2d 1288, 1289 (9th Cir. 1989)) (internal quotation omitted).
[11] *Id.* at 1–2 (citing *United States v. Freeny*, 841 F.2d 1000, 1002–03 (9th Cir. 1988)).
[12] *Id.* at 2 (citing Dkt. 67 (Transcript))
[13] Dkt. 70 at 1.
[14] *Id.*
[15] *Id.*
[16] *Catabran*, 884 F.2d at 1289.
[17] *Id.* at 1289; *see also Freeny*, 841 F.2d at 1002.
[18] *Catabran*, 884 F.2d at 1289.
[19] *See* Dkt. 67 at 3. The Court also observes that Grant did not have any unresolved objections to the PSR at sentencing. *See* Dkt. 67 at 3.

Accordingly, and for the foregoing reasons, the Motion at Docket 59 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: June 29, 2023.