IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Kenneth Grant, Jr.*
Case No. 3:15-cr-00107-TMB

By:            THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Kenneth Grant, Jr.'s *pro se* "motion for Mr. Grant's rebuttal to the denial of 3582(a)(1)(A) based on reasons for not taking the [COVID-19] vaccine" (the "Motion").[1] Pursuant to Local Civil Rule 7.3(h), the Court did not request the United States file a response. Grant did not request oral argument, and the Court finds it would not be helpful. For the reasons discussed below, the Motion is **DENIED**.

On July 27, 2021, the Court denied Grant's motion for a reduction of sentence under 18 U.S.C § 3582(c)(1)(A)(i).[2] The Court reasoned that, while some of Grant's health conditions, including obesity, are recognized by the Centers for Disease Control and Prevention as factors that may increase his risk of severe illness from COVID-19, his risk of COVID-19 infection appears to be low because his health conditions are well-managed and given the high vaccination rates and low case rates at his facility.[3] Further, the Court found that Grant failed to show that reducing his sentence by more than half would satisfy the 18 U.S.C. § 3553(a) factors or that he would not pose a danger to the community upon release.[4] Therefore, Grant failed to establish extraordinary and compelling reasons for compassionate release.[5]

On October 30, 2023, Grant filed the present Motion.[6] Grant seeks reconsideration of the Court's denial, arguing that denying his compassionate release motion "based on [his] reasons for not taking the [COVID-19] vaccine" "violates his constitutional rights, specifically the right to make personal medical decisions and exercise religious freedom."[7] Grant asserts that he "holds genuine concerns regarding the safety and potential side effects of the [COVID-19] vaccine" and that his "decision to refrain from taking the [COVID-19] vaccine is primarily grounded in deeply held religious and philosophical beliefs . . . which stress preservation of the natural state of the human body and avoidance of external interventions."[8] Grant further asserts that he has already contracted COVID-19 and that "his prior exposure to the virus and subsequent recovery have granted him

---

[1] Dkt. 72 (Letter).
[2] Dkt. 49 (Motion to Reduce Sentence); Dkt. 58 (Order).
[3] Dkt. 58 at 3–4.
[4] *Id.* at 4.
[5] *Id.*
[6] Dkt 72 at 1.
[7] *Id.* at 3.
[8] *Id.* at 2.

immunity and, therefore, the necessity for vaccination is rendered redundant."[9] Grant now asks this Court to reconsider its denial of his sentence reduction to "not only uphold Constitutional rights but also ensure a fair resolution in this matter."[10]

The Court construes this as a motion for reconsideration under Local Criminal Rule ("Rule") 47.1(g)(1).[11] Although not expressly authorized by the Federal Rules of Criminal Procedure, "post-judgment motions for reconsideration may be filed in criminal cases."[12] Under Rule 47.1(g)(1), a "court will ordinarily deny a motion for reconsideration absent a showing of one of the following: [A] manifest error of the law or fact; [B] discovery of new material facts not previously available; or [C] intervening change in the law."[13] Under Ninth Circuit law, a motion to reconsider is an "extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[14]

Since Grant raises no new material facts not previously available and no intervening change in the law, the Court construes Grant's arguments as regarding a "manifest error of the law or fact."[15] Under Rule 47.1(g), such motions must be filed within seven days of the entry of the order.[16] Since Grant filed his Motion more than two years after the Court issued its order denying compassionate release, the Motion is time-barred.

Moreover, the Motion fails on the merits, being based solely on Grant's refusal of the COVID-19 vaccination.[17] Notably, the Court considered this issue when denying his original motion for compassionate release.[18] The Court expressly stated that "[r]egardless of Grant's decision to refuse the COVID-19 vaccine, his medical conditions alone would not be sufficient to warrant a sentence reduction."[19] Further, the Court noted, courts in the Ninth Circuit have held that granting compassionate release because an inmate refuses COVID-19 vaccination "would set up a perverse incentive for courts to find extraordinary and compelling circumstances due to a refusal to practice self-care."[20]

---

[9] *Id.* at 2.
[10] *Id.* at 3.
[11] L. Civ. R. 47.1(g)(1).
[12] *United States v. Martin*, 226 F.3d 1042, 1047 (9th Cir. 2000) (citing *United States v. Clark*, 984 F.2d 31, 33 (2d Cir. 1993)).
[13] L. Crim. R. 47.1(g)(1).
[14] *Big State Logistics, Inc. v. Gov't Servs. Corp.*, No. 4:13-cv-00029, 2014 WL 12526313, at *1 (D. Alaska Mar. 28, 2014) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)); *see also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).
[15] *See* L. Crim. R. 47.1(g)(1)(A).
[16] L. Crim. R. 47.1(g)(2)(A).
[17] Dkt. 58.
[18] *Id.* at 1, 3.
[19] *Id.*
[20] *Id.* at 3 n.29 (citing *United States v. Figueroa*, No. 2:09-cr-00194-KJM, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021) ("If defendants could buttress their motions for compassionate release by refusing a safe and effective vaccine, they would be operating on an unfairly perverse incentive."); *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843–44 (D. Ariz. 2021) ("Judges

The Court denied Grant compassionate release because his "risk of COVID-19 infection appears to be low and his conditions are well-managed."[21] The Court noted that at Grant's facility, as of July 2021, there was a single active case of COVID-19 infection among inmates, nearly 2,500 inmates were fully vaccinated, the "COVID-19 vaccine [was] widely available and ha[d] been offered to Grant," and the Pfizer vaccine is "95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection."[22] Grant's arguments regarding his personal liberty to refuse COVID-19 vaccination do not demonstrate that these conclusions were reached in error. Therefore, Grant has not shown a "manifest error of the law or fact" or other basis for reconsideration under Rule 47.1(g)(1).

Accordingly, and for the foregoing reasons, the Motion at Docket 72 is DENIED.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: January 5, 2024.

---

of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances.")).
[21] *Id.* at 3.
[22] *Id.*